THE STATE, Respondent, v. RAMSEY, *et al.*, Appellants.

1. Where an indictment for a felony is pending before the St. Louis Criminal Court, the judge of the St. Louis Circuit Court is not authorized to let to bail the person so indicted ; and a recognizance entered into before him for the appearance of the accused before the St. Louis Criminal Court is void.

### *Appeal from St. Louis Criminal Court.*

The recognizance entered into in this cause was declared by the St. Louis Criminal Court to be forfeited, and judgment was rendered thereon against the principal and surety, who bring the case to this court by appeal. At the time the recognizance was taken by the judge of the St. Louis Circuit Court, the Criminal Court was not in session.

*Blennerhassett, Wright* and *Shreve,* for appellants.

*H. A. Clover,* for the State.

RYLAND, Judge, delivered the opinion of the court.

The only question in this case involves the authority of the judge of the Circuit Court of St. Louis county to let the pris-

oner, Ramsey, to bail. He was indicted for a felony by the grand jury of Franklin county, before the Franklin county Circuit Court. He applied for and obtained a change of venue. The Franklin Circuit Court changed the venue to the Criminal Court of St. Louis county, instead of the St. Louis Criminal Court. While the cause was pending before the Criminal Court, the party, Ramsey, was brought before the judge of the St. Louis Circuit Court and let to bail.

It is insisted that, under the statutes of this state, no court or officer in such a case, (indictment for felony,) can let to bail, except the court where the indictment is pending, or the judge of that court, or the County Court of the same county, or some judge or justice of the County Court; and that all other courts and officers are, in such cases, expressly excluded from letting persons indicted for felony to bail. A majority of this court is of the opinion that the judge of the Circuit Court, in this case, had no authority to let to bail or to take a recognizance, and, consequently, the judgment below must be reversed. By sections 19 and 20 of article 4 of the act concerning practice and proceedings in criminal cases, (R. C. 1845, p. 870,) it is provided : "Where the indictment is for a bailable offence, the defendant may be let to bail by the court in which such indictment is pending ; or, if such court be not sitting, by the judge thereof, or by any judge or justice of the County Court of the county in which the indictment is pending. When the indictment is for a misdemeanor, the sheriff may himself admit the defendant to bail," &c. Sec. 21. "No court or officer, other than those specified in the two last sections, shall let to bail any person indicted for any offence."

As this question can rarely if ever occur in any other county than St. Louis, it is of no great moment to the state at large. The legislature intended to limit and did limit the officers to whom the power to let to bail should be entrusted after indictment found. Persons indicted for felonies could only be bailed by the court in which the indictment was pending, or by the judge of that court, if in vacation, or by some *judge or justice*

of the County Court. When this statute was enacted, some of the Circuit Court judges presided over many counties; even now St. Louis county is the only one in this state which composes by itself alone a judicial circuit. Consequently, when the Circuit Court had adjourned its sessions, should a person who had been indicted for a felony be taken by the sheriff, the law did not require him to be carried to the judge's residence, in a distant county, to be let to bail, but allowed a judge of the County Court to bail him. The County Court is composed of three justices, or judges, as they are commonly called; hence there are three men in every county authorized by law to bail, and four in the county where the circuit judge resides. In misdemeanors, every sheriff can bail as well as the other officers. This number is sufficient. The circuit judge and the county judges know, or are more likely to know, the nature of the offence, and the abilities, in a pecuniary point of view, of the persons offered as bail. The circuit judge, in every other county but St. Louis, can bail. Here, the Criminal Court and the criminal judge occupy the same situation as the Circuit Courts and the circuit court judges in other counties in criminal cases.

This indictment was not pending in any court over which the circuit judge of St. Louis presided; and he could not let to bail, in our opinion, under the statutes. We consider the expression, " any judge or justice of the County Court" as embracing the same officer. It does not, in our opinion, mean any judge of any court, no matter what; but judge or justice of the one court—the County Court. The law called these officers "*justices*"—the people, *judges*—of the County Court; hence the use of both official names for the same officer.

We do not think the statute concerning *habeas corpus* interferes with this view. The circuit judges, in their respective circuits, can without doubt bail, on writs of *habeas corpus*, any defendant indicted for a bailable·felony in any one of the courts over which said judge presides; but not for such offence pending in a court not in his circuit. Here, the Crimi-

nal Court had cognizance of the offence : the indictment was for a felony pending in the Criminal Court ; the judge of that court, in vacation, was the officer to let to bail. He stood in the place of the circuit judge of this county, and is to perform the duties here which circuit judges perform in criminal cases in counties outside of St. Louis county.

Let the judgment therefore be reversed ; Judge Leonard concurring ; Judge Scott dissenting.