THE STATE *ex rel.* AULL, *Prosecuting Attorney,* v. FIELD, *Judge, et al.*

Division One, December 12, 1892.

1. **Habeas Corpus:** BAIL: CIRCUIT JUDGE. Where resort to *habeas corpus* becomes necessary to admit a prisoner to bail, such application, under the statutes of Missouri, should first be made to the circuit judge for the county where the applicant is in custody.

2. ———: ———: CRIMINAL COURT. The above rule applies even where there is a separate criminal court in the county; but the judge of that court is authorized to admit to bail a prisoner in custody under process of the court, without issuing a writ of *habeas corpus.*

3. **Statute:** RULES OF CONSTRUCTION. The circumstances of a law, as of a contract, may be resorted to as aids in its construction.

4. ———: ———. Where a law is amended in certain particulars, and re-enacted, public facts, existing at the time of its re-enactment, are properly considered in arriving at its meaning.

5. ———: ———. Doubtful terms of a statute may be enlarged or restricted to conform to the intent of the lawmaker developed by the application of the principles of interpretation.

6. **Prohibition.** The writ of prohibition lies to prevent a single judge (no less than a court as such) from illegally exercising jurisdiction.

*Prohibition.*

WRIT DENIED.

*William Aull,* Prosecuting Attorney, for the State.

The judge of said circuit court has under the statute no jurisdiction in the first instance to admit to

bail a person in custody on a charge of crime when the judge of the criminal court having jurisdiction over the offense is present in the county. Revised Statutes, 1889, secs. 4049, 4123, 5414. It was clearly the intention of the legislature to give such jurisdiction in the first instance to the judge of the court in which the charge was pending. If the circuit judge in the first instance has the jurisdiction, then the judge of the criminal court having cognizance of the offense, though present in the county, has no such jurisdiction in the first instance. See *State v. Ramsey*, 23 Mo. 327.

BARCLAY, J.—The plaintiff, as prosecuting attorney of LaFayette county, obtained in this court a preliminary rule against Hon. RICHARD FIELD, judge of the circuit court for that county, to prohibit the latter from exercising jurisdiction in a certain cause, entitled "*In re* Plattenburg," a proceeding upon a writ of *habeas corpus*, issued by that judge at the instance of Plattenburg. Judge FIELD made a return to the order. Plaintiff demurred to the return.

Both parties have submitted the case for a final decision, the questions involved being issues of law only, arising upon admitted facts.

The formal parts of the record need not be further mentioned.

That the writ of prohibition may be used, on proper occasion, to prevent a single judge (no less than a court as such) from illegally assuming the exercise of judicial power, is a proposition which defendant does not gainsay. But the latter insists that his course in the premises is sanctioned, and, indeed, plainly marked out by positive law.

In LaFayette county a special criminal court is held, organized under an act which went into effect, March 18, 1875. Laws 1875, p. 42.

Plattenburg was duly indicted in October, 1892, for murder in the first degree, and was accordingly lodged in jail upon due process of the criminal court of that county. The regularity of his imprisonment is not disputed; his application to the defendant as circuit judge seeks merely for a release upon bail, pending the proceedings on the indictments.

Section 3 of the statute governing the criminal court in that county declares that "said court shall have the same jurisdiction as the circuit court now has in criminal cases, *  *  * and shall have power to issue, hear and determine writs of *habeas corpus*."

Plaintiff's contention here is that where criminal jurisdiction in any county is vested in a separate court, distinct from the circuit court, the latter has no power to admit a prisoner to bail until an application has been made to the criminal court or judge thereof, if in the county.

It is conceded that such an application to the circuit judge as is now in question comes within the terms of section 5414, Revised Statutes, 1889; but it is urged that that language should be narrowed by construction, so as to require the question of bail to be submitted first to the judge of the criminal court in counties where there are such courts. That is said to be the true intent of the section as indicated by its reference to St. Louis, where the only separate criminal court of general powers in the state existed at the time of the first enactment of that section in 1855. Revised Statutes, 1855, sec. 21, p. 849.

We fully recognize the proposition that doubtful words of a statute may be enlarged at times, or restricted in meaning, to conform to the intent of the lawmaker, developed by the aid of principles of interpretation. The supreme court has acted upon that rule in some cases. But we believe that a brief examination

will show that the meaning, imputed to section 5414 by plaintiff, is not that intended by its present terms.

The section as originally framed (Revised Statutes, 1855, ch. 73, sec. 21) was identical with the re-enactment in 1865, except that, in the latter, the word "chapter" instead of "act" appeared in the first line. Revised Statutes, 1865, sec. 71, p. 361. But in 1879 several changes in its language were made. They can be seen at a glance upon the following copy of the section as it now reads (no revision of it having occurred in 1889). The additions are indicated by italics, and the words of the prior law, which were dropped, we place in brackets, thus:

"Sec. 5414.   When a person applies for the benefit of this chapter, who is held in custody on a charge of crime or misdemeanor, his application, in the first instance, shall be to the judge of the circuit court for the county in which the applicant is held in custody, if, at the time of the application, such judge be in the county, except that in the [county] *city* of St. Louis the application in the first instance shall be made to the judge of the criminal court for said [county] *city*, if he, at the time of the application, shall be in said [county] *city;* and, upon every application of the kind aforesaid, the applicant shall cause reasonable notice of the time and place of making the application to be given to the circuit *or prosecuting* attorney for the county in which the application is to be made, if at the time thereof such attorney be in the county, and upon such notice it shall be the duty of such attorney to attend upon the hearing of such application, on behalf of the state."

It should not be forgotten that, at the period when the section first became law (May 1, 1856), there were several courts of record in St. Louis other than the criminal and circuit courts, *e. g.*, the court of common

pleas, the land court, the law commissioner's court, etc., and that, at the time it was amended, by the revision of 1879, there was, in that locality, besides the criminal court, another court of record having extensive jurisdiction in criminal matters (the court of criminal correction) under whose process persons committed for felony of the highest grade might be in custody.

The circumstances of a law, as of a contract, frequently shed light on the meaning it attempts to express. Hence they are justly regarded as valuable aids to interpretation. Rutherforth's Institutes [2 Am. Ed.] p. 416.

Here we see that, when these amendments of the law in question took place in 1879, a criminal court for LaFayette county had been, for some years, established by the act of 1875.

If then the legislature intended the same practice on this subject to apply in that county (or in all counties having separate criminal courts), which had been prescribed and followed in St. Louis since the revision of 1855, are we not bound to assume that it would have said so? The fact that it did not say so, while amending the section in other particulars, precludes our adoption of the meaning which the legislature so plainly avoided expressing.

We do not regard the section in question as imposing on the circuit judges the duty of first passing on bail to the exclusion of the judge of the criminal court in counties having both courts. The judge of the court under whose process the accused is in custody has power (within his jurisdiction) to act in the matter of bail without issuing any writ of *habeas corpus.* Revised Statutes, 1889, sec. 4123. But where some other judge must be invoked, and the use of that writ becomes necessary, section 5414 is intended to define the line of procedure thereon.

The plaintiff has cited *State v. Ramsey* (1856), 23 Mo. 327, and *State v. Woolery* (1867), 39 Mo. 525, as tending, in some way, to support his position. It may be remarked that the section (now part of section 4049) discussed in them has undergone substantial amendments and enlargement since those judgments were rendered, and we find nothing in them militating against the views we take of the present case.

With these observations we conclude that the circuit judge was entirely right, on the merits, in entertaining Plattenburg's application.

The demurrer to the defendant's return is overruled, the rule to show cause discharged, and the writ of prohibition denied.

SHERWOOD, C. J., BLACK and BRACE, JJ., concur.