ROBERT WAGNER, Doing Business as WAGNER BROS. STORAGE & MOVING COMPANY, v. CITY OF ST LOUIS et al., Appellants.

Division Two, September 15, 1920.

1. **CONSTITUTIONAL ORDINANCE: Registry of Removals.** An ordinance which requires all persons operating a moving van or other vehicle to notify the city register of the name and address of any person whose household or other goods they have hauled from one location in the city to another, and the register to keep a record of such removals, which shall be open to public inspection, and requiring the owner of the goods so removed to give to the vehicle owner such information as will enable him to make the required notice, and imposing a fine of not less than ten nor more than one hundred dollars for its violation, does not deprive a citizen of his property without due process of law, and is not unconstitutional.

2. ———: ———: **Reasonableness.** An ordinance duly passed and within the city's charter powers will not be declared void for unreasonableness unless no difference of opinion can exist on the question; and an ordinance which requires the owners of moving vans to file reports with the city register showing the names of the owners or persons for whom they have moved household and other goods and the places from which and to which the goods are taken, which reports are required to be registered upon books open to public inspection, is not unreasonable.

3. **ORDINANCE: Registry of Removals: Charter Powers.** An ordinance requiring the owner of a moving van or other vehicle to give written notice to the city, in which he gives the name and

street address of the owner of all goods hauled by him from one location in the city to another, is within the charter powers of the city whose charter authorizes it to enact ordinance "to license and regulate all persons . . . engaged in any business, occupation, calling, profession or trade" in the city and "to execute all powers granted or not prohibited to it by law, or which would be competent for this charter to enumerate."

Appeal from St. Louis City Circuit Court.—*Hon. Glendy B. Arnold*, Judge.

REVERSED.

*Charles H. Daues* and *H. A. Hamilton* for respondent.

(1) The City of St. Louis, is authorized by its charter to regulate all persons and corporations engaged in any business, occupation, profession or trade, and do all things expedient for promoting the comfort, morals, peace, government, welfare and trade of the city or its inhabitants. Charter, art. I. sec. 1, cls. 23, 25, 33 and 35. (2) The city, under its police power, may regulate the business of moving property from one location in the city to another by requiring the persons engaged in such business to make report thereof, for thereby frauds and crimes may be prevented and detected. St. Louis v. Bowler, 94 Mo. 630; St. Joseph v. Levin, 128 Mo. 588; St. Louis v. Weitzel, 130 Mo. 600; Ex parte Smith, 231 Mo. 111; St. Louis Gunning Co. v. St. Louis, 235 Mo. 99; St. Louis v. Baskowitz, 273 Mo. 543; Lawson v. Connolly, 175 Mich. 375; Sanning v. Cincinnati, 81 Oh. St. 142; Powell v. Pennsylvania, 127 U. S. 678; Railway Co. v. Drainage Comrs., 200 U. S. 561. (3) The regulation of a business under the police power is not illegal because such regulation may entail expenses or result in pecuniary loss to the persons engaged in such business. St. Louis v. Baskowitz, 273 Mo. 543; Haller Sign Works v. Training School, 249 Ill. 436; L'Hote v. New Orleans, 177 U. S. 587. (4) The Municipal Assembly of St. Louis is vested with the power of determining the necessity of

regulating business in said city, and courts will not ordinarily review the exercise of its discretion. An ordinance passed in the exercise of legal authority will not be declared void on the ground of unreasonableness unless no difference of opinion can exist upon the question, and a clear case must be made to authorize a court to interfere on that ground. St. Louis v. Weber, 44 Mo. 547; Gratiot v. Railroad Co., 116 Mo. 450; Chillicothe v. Brown, 38 Mo. App. 609; Kansas City v. Sutton, 52 Mo. App. 398; Monett v. Campbell, 204 S. W. 32.

*Spencer & Donnell* for respondent.

(1) Police ordinances are always subject to the construction of the courts. Cape Girardeau v. Riley, 72 Mo. 223; Carthage v. Block, 139 Mo. App., 391; Corrigan v. Gage & Ladd, 68 Mo. 541. (2) The ordinance involved is invalid because it is not within the scope of the legislative power of the City of St. Louis. Charter, art. I, sec. 1, cls. 23, 25, 33 and 35; Lawton v. Steele, 152 U. S. 137; Cape Girardeau v. Riley, 72 Mo. 220; State ex rel. Chillicothe v. Wilder, 200 Mo. 97; Nevada v. Eddy, 123 Mo. 557; St. Louis v. Dreisoerner, 243 Mo. 217; Knox City v. Thompson, 19 Mo. App. 523; Joplin v. Jacobs, 119 Mo. App. 134; Clinton v. Phillips, 58 Ill. 102; State v. Vanderslaus, 42 Minn. 131. (3) The ordinance involved is invalid because it is unreasonable. St. Louis v. Dreisoerner, 243 Mo. 224; Carthage v. Block, 139 Mo. App. 391; St. Louis v. Nash, 266 Mo. 523; Tarkio v. Cook, 120 Mo. 1; Long v. Taxing District, 7 Lea (Tenn.) 134; Sallsbury v. Equitable Purchasing Co., 177 Ky. 348; Ex parte Goldberg, 200 S. W. (Texas) 386; Hayes v. City of Appleton, 24 Wis. 542; Lane v. Concord, 70 N. H. 485; People v. Armstrong, 2 L. R. A. 721; Atkinson v. Transportation Co., 60 Wis. 160; State v. Ray, 131 N. C. 814; Waters v. Leach, 3 Ark. 110; Buell v. State, 45 Ark. 336; Chicago v. Gunning System, 214 Ill. 628; Richmond v. Southern Bell Tel. & Tel. Co., 85 Fed. 19; Lawson v. Connelly, 175 Mich. 375; Scanning v. Cincinnati,

81 Ohio State, 142; St. Louis v. Baskowitz, 273 Mo. 543; St. Joseph v. Levin, 128 Mo. 588; Phillips v. State, 77 Ohio St. 217. (4) The ordinance involved is invalid because it violates the Fourteenth Amendment of the Consitution of the United States, and Section 30 of Article II of the Constitution of the State of Missouri. St. Louis v. Dreisoerner, 243 Mo. 217; State v. Scougal, 3 S. D. 55; Bonnett v. Valliers, 136 Wis. 193.

MOZLEY, C.—Injunction instituted in the Circuit Court of the City of St. Louis, Missouri, having for its purpose the perpetual prevention of the enforcement, by the city authorities, of Ordinance No. 28367, designed to regulate the moving of household goods, furniture, pianos, stock, fixtures, equipment, personal property and effects from one location to another within the City of St. Louis, or to or from any location within said city, requiring the owner or person in charge or control of the vehicles used to transport such property, to notify the City Register of such removal, and requiring him to keep an appropriate public record of such information. Said ordinance reads as follows:

*"Be it ordained by the City of St-Louis as follows:*

"Section One. It shall be the duty of all persons, firms, or corporations, owning or operating, any moving van, furniture car, transfer wagon, delivery wagon, express wagon or any other vehicle, who shall haul or move, or cause to be hauled or moved, any article of household goods, furniture, pianos, stock, fixtures, equipment, personal property and effects from one location to another within the City of St. Louis, or to or from any location within the City of St. Louis, where it shall be the intention of the owner, or person having the charge, custody, possession and control of such property, to change the residence or place of business of such person, firm or corporation, to notify the City Register of the City of St. Louis, within ten days after such removal, of the name of such person, firm or corporation owning, or hav-

ing the custody, possession and control of such property, the street address or location from and to which such property was removed, a brief, general description of the property removed, the date of such removal, and the name and address of the person, firm or corporation, owning or operating vehicles used in such transportation.

"Section Two: It shall be the duty of the City Register to furnish the blanks necessary for making such reports, which shall be uniform and may be in the form prescribed by him, and he shall provide and maintain in his office a proper register, book, card index, or other appropriate record of such reports, which records shall be open to the public at all reasonable hours.

"Section Three: It shall be the duty of every person, firm or corporation, to provide and give true information to the person, firm or corporation owning or operating the vehicles used in the transportation of property as contemplated by this ordinance, such as will enable such owner or person in charge of such vehicles to effectually comply with the giving of the notices and fiiling of the reports required by this ordinance.

"Section Four: Any person, firm or corporation, violating any of the provisions of this ordinance, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than ten dollars nor more than one hundred dollars, for each and every offense.

"Section Five: All ordinances, or parts of ordinances in conflict with this ordinance, to the extent of such conflict, are hereby repealed." Approved November 26, 1915.

Said ordinance is assaulted in plaintiff's petition as being invalid because it contravenes the Federal and State constitutions, Article 4, section 1, and Article 2, section 30, respectively, which provide that no citizen shall be deprived of life, liberty or property without due process of law. It is further asserted that neither the laws of the State nor the city charter authorize the adoption of said ordinance by the municipal assembly and

the mayor of said city, and that it is unreasonable and oppressive.

The petition then proceeds to allege that although said ordinance is invalid the city authorities are threatening to enforce the same, and to prosecute plaintiff, his agents and servants; that the enforcement thereof and such prosecution would result in irreparable damages to plaintiff and his business and property; that he has no adequate legal remedy to which he may resort and is, therefore, remediless in the premises unless he may resort to the equity side of the court and by injunction permanently restrain and enjoin all concerned from in anywise interfering with plaintiff, his agents and servants in the conduct of his business, and from arresting and prosecuting plaintiff, his agents and servants in the event they be of the notion to disregard the provisions of said ordinance, and for all additional relief the court may, in right and justice, think he should have.

Defendants raised no question as to the sufficiency of the petition, but answered to the merits by a general denial of all averments of the petition, except it was admitted that said city was a municipal corporation duly organized under the Constitution and laws of the State of Missouri; admitted the official capacity of defendants, admitted the due adoption of said ordinance and that its violation subjected the offender, upon conviction thereof, to prosecution and fine.

Defendants plead, affirmatively, that the City of St. Louis was authorized and had the power under the Constitution of Missouri, and under its charter powers and other laws, to enact, through its board of aldermen and mayor, the said Ordinance No. 28367, and that said ordinance was duly enacted as aforesaid pursuant to said powers, and pray to be hence dismissed without day and that the costs be adjudged against plaintiff.

The case was tried before Judge Glendy B. Arnold who sustained plaintiff's petition; made said injunction perpetual, decreed said ordinance, and every section

thereof, null and void, and perpetually enjoined and restrained defendants from interfering in anywise with plaintiff's business as the owner and operator of said moving vans, and enjoined and restrained defendants from arresting and prosecuting plaintiff, his agents and servants, or any of them, for any alleged violation of said ordinance, and that plaintiff recover his costs.

Motion for new trial was duly filed and continued to the December term, 1916, when it was overruled, exceptions saved, and the cause duly appealed to this court.

I.    It is contended by plaintiff, in his petition, that said ordinance contravenes the Federal and State constitutions as above set out, and in support of this contention cites St. Louis v. Dreisoerner, 243 Mo. 217-224. Constitution- In that case it was held, and very properly ality. so; that the city could not by ordinance confiscate private property for aesthetic purposes, The case in hand presents no facts of that sort, and hence said case has no application here. Said ordinance is a criminal one, requiring plaintiff to keep a record on blanks furnished him by the City Register for the purpose of making the reports as required by said ordinance to said City Register, who shall keep a proper record thereof in his office, and which shall be open to the public at all reasonable hours.

In the case of St. Louis v. Baskowitz, 273 Mo. 543, "Junk Merchants" were licensed and regulated by ordinance, and a registry was required to be kept of all purchases and sales and an accurate description, so far as may be, of marks, brands, letters or words of identification thereon, if any such there be, and such book of registry shall be kept open at the Register's office of said city, for the inspection and examination of the police or any citizen.

This is on all-fours with the requirement of the ordinance in hand. The same point as to its being unconstitutional was made as in the instant case and it was held to be constitutional. We rule that the ordinance in question is constitutional.

II. It is contended that said ordinance was adopted without authority of the city charter. The charter pro-
Charter  vides, Article 1, Subdivision 23 of Section 1,
Powers.  page 13, as follows: "To license and regulate all persons, firms, corporations, companies and associations engaged in any business, occupation, calling, profession or trade;" and Subdivision 35 of said Article 1, Section 1, page 15, provides as follows: "To exercise all powers granted or not prohibited to it by law or which would be competent for this charter to enumerate."

It cannot be presumed that the city was ignorant of its charter powers or that it deliberately intended to violate the organic law of the State or city. [State ex rel. v. Sheehan, 269 Mo. 1. c. 427; State ex rel. Aull v. Field, 112 Mo. 554; Glasner v. Rothschild, 221 Mo. l. c. 211; Perry v. Strawbridge, 209 Mo. l. c. 645; 31 Cyc. 1106; Grimes v. Reynolds, 184 Mo. 679; Laclede Const. Co. v. Moss Tie Co., 185 Mo. 1. c. 62; State ex. rel. v. Public Service Comm., 270 Mo. 1. c. 442.]

We rule the adoption of said ordinance was well within the charter powers conferred upon said city.

III. Subdivision 25 of Article 1, Section 1, page 11, of said charter provides that the city has power "to define and prohibit, abate, suppress and prevent or license and regulate all acts, practices, conduct, business, uses of property and all other things whatsoever detrimental . . . to the inhabitants of the city."

Where an ordinance is legally passed with due authority under the organic law of the State and city, the courts will not declare it unreasonable unless no difference of opinion can exist upon the question. A clear case
Reasonableness.  must be made to authorize the courts to interfere on that ground. [St. Louis v. Weber, 44 Mo. 547; Gratiot v. Ry. Co., 116 Mo. 450.]

"So also a municipal corporation may require the owners of public moving vans to file with the police commissioners a report of the persons for whom they move household goods and the place from and to which
284 Mo.—27

the goods are taken,'' (19 R. C. L. p. 861, par. 162); and in the cases of Lawson v. Judge of Recorders Court, 175 Mich. 375, and Lawson v. Connolly, 141 N. W. 623, it is held that ordinances of the same purport as the ordinance in question are not unreasonable, and cannot be avoided on that ground.

IV.   The foregoing disposes of the vital questions disclosed by the record, with the result that the decree of the court *nisi* will be reversed.   It is so ordered. *White, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court.   All of the judges concur.