SCHICK v. CITY OF NEW ORLEANS et al.

No. 5884.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1931.

Rehearing Denied June 17, 1931.

Claude L. Johnson, of New Orleans, La. (Claude L. Johnson and James F. Pierson, both of New Orleans, La., on the brief), for appellant.

Michel Provosty, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant, who is a citizen of the United States, domiciled in the city of New Orleans, and engaged in that city in the business of transferring and storing household goods, office furnishings and effects, and other light commodities, filed his bill in equity praying that an injunction be issued restraining the enforcement against himself of provisions of an ordinance of that city, adopted March 6, 1928, which, omitting its title, reads as follows:

"Section 1. Be it ordained by the Commission Council of the City of New Orleans, that it is hereby made the duty of all persons, firms or corporations owning or operating within the City limits of New Orleans, any dray, moving van, furniture car, transfer wagon, express wagon, or any other vehicle who shall haul or move, or cause to be hauled or moved, household goods or personal effects other than baggage of any person in the City of New Orleans, which person is changing the place of his or her abode, to make report thereof to the Chief Police, which report shall .be made within one day thereafter on a blank form which is hereinafter described.

"Section 2. Be it further ordained, that it shall be unlawful for any person, firm or corporation causing the removal of any property herein described, to give the owner or operator of any vehicle employed to haul such property, a fictitious name, or refuse to give the correct name of the owner or party in possession of such property, so as to wilfully deceive such operator as to same.

"Section 3. Be it further ordained, That the form or blank to be filled in by the person in Section 1 herein, shall be as follows:

...... Moved from ...... Moved to ...... (Signed) ...... (Owner of Vehicle) Date Moved ...... Date filed with Chief of Police ......

"Section 4. Be it further ordained, that it shall be the duty of the Chief of Police to keep in a well bound book, open for inspection at the Police Station, all such certificates or blanks alphabetically indexed, as required by Section 3 hereof, provided the entire expense and cost of executing and carrying out the provisions of this Section shall be free of · cost to the City of New Orleans, except the expense of furnishing said book, blank or certificate.

"Section 5. Be it further ordained, that any person, firm or corporation violating the provisions of Sections one and two of this ordinance shall, upon conviction thereof before any Court of competent jurisdiction, be fined not more than $25.00 and imprisoned not more than ten days, or both, at the discretion of the Court."

Provisions of that ordinance were challenged on the grounds that they violate rights secured to the appellant by the Thirteenth and Fourteenth Amendments of the Constitution of the United States, by imposing the additional involuntary labor upon appellant of obtaining information required to make prescribed reports and of making such reports under penalty of fine, and imprisonment for failing to do so, and by arbitrarily depriving him of his property without due process of law; by arbitrarily and wrongfully depriving him of the equal protection of the law, and by abridging and infringing his right and privilege of managing and controlling his private business for his own benefit and use in a way not inconsistent with law and good morals. Upon the submission of the cause for final decree on the bill and answer, and upon a stipulation as to facts, which showed, in addition to above stated facts, that that ordinance imposed upon appellant and others engaged in similar business duties and obligations to do prescribed things and in so doing to incur expenses which were not required prior to the adoption of that ordinance, the court rendered a decree denying the prayer of appellant's bill and dismissing the cause.

The ordinance in question requires nothing of the appellant except that, when he shall haul or move, or cause to be hauled or moved, household goods or personal effects other than baggage of any person in the city of New Orleans, which person is changing the place of his or her abode, he make report thereof to the chief of police within a prescribed time and on a prescribed form or blank furnished at the expense of the city of New Orleans, to be filled in by one making such report. The appellant has no standing to complain of that ordinance in so far as it made provision as to any one other than himself doing or omitting to do anything, as appellant could not be affected by

the enforcement of such provision of the ordinance.

The "police power" includes the power to adopt regulations designed and reasonably adapted to promote the general prosperity by safeguarding contract or property rights, or to protect the public generally, or a class or classes of citizens, from fraud or criminal misconduct. Chicago B. & Q. Railway Co. v. Illinois ex rel. Drainage Com'rs, 200 U. S. 561, 592, 26 S. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175; Adams v. Tanner, 244 U. S. 590, 596, 37 S. Ct. 662, 61 L. Ed. 1336, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; Marrs v. City of Oxford (D. C.) 24 F.(2d) 541, 547. That the city of New Orleans is vested with police power was decided by the Supreme Court of Louisiana in a case in which the validity of the ordinance now in question was adjudged. City of New Orleans v. Schick, 167 La. 674, 120 So. 47. Persons having business relations with residents of a large city, or having liens upon or other property interest in household goods or personal effects other than baggage in the possession or custody of such residents, may be prejudicially affected by the clandestine moving of such household goods or personal effects when such a resident is changing his or her abode. Such a report as the ordinance in question provides for may be a means of preventing the successful concealment of household goods or personal effects stolen or fraudulently obtained or intended to be fraudulently concealed. It is for the branch of the government which is vested with the police power to determine whether such a regulation as that provided for by the ordinance in question should or should not be adopted as a means of preventing or aiding in the detection of crime, or for the protection of contract or property rights of a class or classes of citizens; that regulation being such a one as reasonably may be considered to be appropriate to promote the accomplishment of the purposes mentioned. Standard Oil Co. v. Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856. The business of moving household goods or personal effects is subject to reasonable regulations under the police power. Lawson v. Connolly, 175 Mich. 375, 141 N. W. 623, 45 L. R. A. (N. S.) 1152; Wagner v. St. Louis, 284 Mo. 410, 224 S. W. 413, 12 A. L. R. 495.

We conclude that the court did not err in sustaining the ordinance in question against the attack made by appellant's bill.

The decree is affirmed.