**HOLLAND FURNACE COMPANY, a corporation, Appellant,**

v.

**CITY OF CHAFFEE, Missouri, a municipal corporation, Respondent.**

No. 7323.

Springfield Court of Appeals.

Missouri.

May 2, 1955.

R. P. Smith, Cape Girardeau, for appellant.

Frederick E. Steck, Chaffee, for respondent.

McDOWELL, Presiding Judge.

This is a declaratory judgment action to have determined the validity of an ordinance of the city of Chaffee and for injunctive relief. The cause was tried in the Circuit Court of Scott County, Missouri, and relief denied.

The petition alleged that plaintiff is engaged in the business of selling and installing furnaces, heating equipment and appliances; that on or about the 8th day of December, 1947, defendant passed and adopted Ordinance No. 652 levying a license tax upon various vocations, callings, occupations, trades or businesses within the city of Chaffee; that section 46 of said ordinance levied a license tax of $10.00 per year upon the business "Heating and Air-Conditioning Installation", and that section 66 of said ordinance levied a license tax of $10.00 per year upon the business or occupation of "Plumbers"; that plaintiff sold and attempted to install in said city various coal and gas-fired furnaces, heaters and equipment; that on or about August 10, 1953,

the city adopted amending ordinance No. 720 repealing section 66 of ordinance No. 652 and enacted a new section in lieu thereof levying a license tax of $65.00 per year upon the business or occupation of "Plumber and Gas Fitter". This amending ordinance also repealed section 46 of ordinance No. 652.

The petition pleads that the amending ordinance is discriminatory, unreasonable and invalid for three reasons:

1. That it was passed and adopted for the express purpose of preventing plaintiff from transacting business in the city of Chaffee.

2. That the tax levied is unreasonable and confiscatory upon the business and occupation of plaintiff in that it levies a license tax upon plumbers and gas fitters greatly in excess of the license tax levied upon other similar business or occupation.

3. That the amending ordinance is ultra vires in that defendant had no powers to tax or license "Gas Fitters".

It was then alleged that plaintiff's agents and servants, installing furnaces and heating equipment in Chaffee, were arrested by city officials, taken to the city hall and, informed that plaintiff would not be allowed to proceed with its work as aforesaid until it obtained a license as Plumber or Gas Fitter and paid the tax of $65 under said invalid ordinance. The petition prays for a judgment declaring plaintiff's rights under ordinance No. 652 as amended. It asked that the court declare the ordinance as amended illegal and void and that the defendant and its agents and employees be restrained from interfering with plaintiff's business under said ordinance as amended.

The judgment of the trial court is as follows:

"Now on this day in open Court come the parties by their respective attorneys and this cause heretofore taken under advisement is again taken up and the Court having heard and being fully advised in the premises finds that plaintiff's petition does not state evidence sufficient to entitle plain-

tiff to the relief prayed for and said petition is by the Court dismissed."

The evidence is undisputed. It supports the allegations of the petition. Ordinance No. 652 adopted by the city of Chaffee December 8, 1947, levies a license tax upon various vocations, callings, occupations and trades under and by virtue of authority granted said city by the legislature of this State, Section 94.110 RSMo 1949, V.A.M.S. Chaffee is a city of the third class and has no charter excepting such rights as are granted by the legislature. Under this ordinance license taxes were provided on some 80 different businesses and occupations beginning with section 8 and ending with section 88, inclusive. Under the ordinance annual fees were required for the following businesses: Commercial Artists $10.00, Auction Sales $10.00, Automobile Garage $20.00, Automatic Vending Machines $10.00, Beauty Parlors $10.00, Blacksmith Shop $5.00, Coal Dealers $20.00, Cold Storage Houses and Food Locker Plants $15.00, Collecting Agencies $10.00, Dairies $15.00, Electricians $10.00, Flour and Feed Mills $10.00, Foundries $10.00, Grain Buyers and Dealers $10.00, Ice Dealers $10.00, Ice Cream Manufacturers, Wholesale, $10.-00, Junk Dealer $10.00, Machine Shops $15.00, Plumbers before amendment $10.00, Radio Repair Shops $10.00, Shoe Repair Shops $10.00, Tinner's Shop $10.00. This ordinance also had a general provision providing that business not specifically set out may be considered by the City Council at any regular meeting thereof and if the business is lawful and not contrary to public morals the City Council may authorize the clerk to issue a license therefor and at such fee as said council ordered.

Amending Ordinance No. 720 was introduced in evidence. This ordinance repealed said section 66 of ordinance No. 652 which levied a license tax of $10 per year on Plumbers and enacted a new section in lieu thereof levying a license tax on the business or occupation of Plumbers or Gas Fitters of $65 per year.

It is admitted by the parties to this action that the power to levy a license tax on Gas Fitters is not given by the statute and that this ordinance is void as to Gas Fitters as being ultra vires unless the power to levee a license tax on plumbers given by the statute is broad enough to cover gas fitters.

There is no dispute that the city stopped plaintiff from carrying on its occupation, as alleged in the petition, in Chaffee until plaintiff secured a license from the city clerk of Chaffee to operate as a Plumber or Gas Fitter and pay therefor $65.

Plaintiff does not pretend to be a plumber and the only work he desires to do in Chaffee is that which would be done as a gas fitter. Plaintiff admits that they used a licensed plumber in performing their work but plaintiff contends that a gas fitter is not a plumber and that the amending ordinance is ultra vires as to defendant.

This cause of action is brought under the declaratory judgments act. Section 527.020 RSMo 1949, V.A.M.S. provides:

"Any person * * * whose rights * * * are affected by a * * * municipal ordinance, * * * may have determined * * * validity arising under the * * * ordinance and obtain * * a declaration of rights, * * * or other legal relations thereunder."

■ From the record there is some doubt as to whether the trial court passed upon the merits of the action after the trial or whether he held the petition failed to state a cause of action. If the court passed upon the sufficiency of the petition to state a cause of action and found that it did not we hold the court was in error.

■ The law is that when one relies upon unreasonableness to avoid a city ordinance facts which render it unreasonable must be alleged. State ex rel. City of St. Louis v. Missouri Pac. R. Co., 262 Mo. 720, 734, 174 S.W. 73; City of St. Louis v. United Rys. Co. of St. Louis, 263 Mo. 387, 455, 174 S.W. 78, 94; 43 C.J. 310, Sec. 322, also page 576, Sec. 926; 62 C.J.S., Municipal Corporations, §§ 207, 444, and cases cited therein.

An examination of the petition shows that it did plead facts which, if established, would constitute a cause of action. However, we believe that the trial court, by its judgment, found that plaintiff failed to show by the evidence its right to recover under the petition.

In passing upon the issues involved we will refer to appellant as plaintiff and respondent as defendant.

Under points and authorities plaintiff contends that the evidence was sufficient to justify the relief sought.

The sole issue involved in this case is the validity of amending ordinance No. 720 which amended the general ordinance No. 652 by raising the license tax required of a "Plumber" or "Gas Fitter" from $10 to $65 per year.

The petition pleaded three grounds showing the amending ordinance to be invalid. The first contention raised is that the amending ordinance was passed and adopted for the express purpose of preventing plaintiff from transacting business in Chaffee.

The evidence offered under this contention consisted first, of the written ordinance. The record also showed that the amending ordinance was adopted after plaintiff started its work installing heating equipment, etc., in Chaffee. In the amendment the words "Gas Fitters" were added to the occupation of "Plumber", reading "Plumber or Gas Fitters", and the license fee was raised from $10.00 to $65.00 per annum. The license fee on all other businesses and occupations similar in nature to that of "Plumber" or "Gas Fitters" was left as in ordinance No. 652.

■■ This evidence raises a suspicion that the only purpose of the amending ordinance was to reach the business in which plaintiff was engaged. On its face it looks as if the city was trying to prevent plaintiff's company from doing business in Chaffee. However, under the law we are not justified in holding the ordinance bad on mere suspicion. Under the recognized rule that the discretion of the municipal lawmaking body will not be interfered with by the courts unless it is clearly apparent that there has been an abuse of discretion and that the tax fixed is arbitrary, unreasonable, oppressive or prohibitive, we believe the trial court was justified in refusing relief under this assignment.

The second issue raised by the pleadings is that the amending ordinance is an unreasonable and confiscatory tax upon plaintiff's business.

■ In determining this question we review the case both upon the law and evidence as in suits of equitable nature. Section 510.310 RSMo 1949, V.A.M.S.; Scott v. Kempland, Mo.Sup., 264 S.W.2d 349, 355; Faire v. Burke, 363 Mo. 562, 252 S.W. 2d 289, 290.

In the City of Washington v. Reed, 229 Mo.App. 1195, 70 S.W.2d 121, 123, the following rule of law is stated:

■■ "While it is the recognized rule that the discretion of the municipal lawmaking body will not be interfered with by the courts unless it is clearly apparent that there has been an abuse of discretion and that the tax fixed by the municipal lawmaking body is arbitrary, unreasonable, oppressive, or prohibitive, it is also the general rule that, if the license tax is fixed so high as to be virtually confiscatory or prohibitive of legitimate occupation or privilege, an ordinance imposing it may be held invalid.

"Particularly is this rule recognized as to all businesses and occupations and privileges which are not in their general effect injurious or offensive to the public welfare and are not hurtful to public morals. As to such businesses or occupations, the general trend of authorities is that municipal authorities have not the power or right to fix the license tax at such high figure as to prohibit the pursuit of such businesses or occupations, and, when it appears to the reasonable mind that the license tax has been fixed at such a figure as to result in practical prohibition of such business, the power and authority of the courts to hold such license fee invalid is unquestioned."

The court in this opinion cites Iowa City v. Glassman, 155 Iowa 671, 136 N.W. 899, 901, 40 L.R.A.,N.S., 852. In the latter case the law is stated:

" 'It is undoubtedly true that ordinances of a municipality, when passed by legislative authority, are to be given great force and effect, but they are not sacred, by any means; and it is equally as true that, where general power is given a municipality it must be exercised in a reasonable manner, and, if it is not so exercised, it is the duty of the courts to protect those who may suffer thereby.' "

The court held that the tax imposed by the ordinance was unreasonable, and, on that account, the ordinance in that respect was void.

In Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31, 33, the Supreme Court stated the law as follows:

"The City of Trenton has no special charter; its charter, so to speak, is the statute. * * *

"In ruling the point in the Siemens case [Siemens v. Shreeve, 317 Mo. 736, 296 S.W. 415] the court pointed out that a city has no inherent power to tax; that such power rests primarily in the state, but may be delegated by constitutional provision or by statutory enactment; that the authority for a city to tax must be expressly granted or necessarily incident to the powers conferred and in case of doubt the power to tax is denied. * * *"

In Union Cemetery Ass'n v. Kansas City, 252 Mo. 466, 161 S.W. 261, 271, the Supreme Court made this statement of law:

"This question was ably presented to this court in banc, in the case of American Tobacco Co. v. Missouri Pac. R. Co., 247 Mo. 374, 157 S.W. 502, involving the reasonableness of an ordinance separating the railroad and street crossing at Tower Grove Park and other points in that vicinity. After a careful review of all the authorities, the court unanimously held, in conformity to its previous rulings, that the courts of this state possess the power and authority to investigate and pass upon the reasonableness of any ordinance enacted by any city, town, or village in this state."

In State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S.W.2d 70, the Supreme Court held that a court can declare a municipal ordinance unreasonable on its face, by mere inspection of the ordinance, if, on its face, it is unreasonable.

In 62 C.J.S., Municipal Corporations, § 208, this law is stated:

" * * * The presumption is in favor of the reasonableness of the ordinance or regulation; however, the presumption is a rebuttable one. Every intendment is to be made in favor of the reasonableness of the exercise of municipal power making regulations to promote its police powers; * * *"

In Wagner v. City of St. Louis, 284 Mo. 410, 224 S.W. 413, 415, 12 A.L.R. 495, the law is stated:

"Where an ordinance is legally passed with due authority under the organic law of the state and city, the courts will not declare it unreasonable, unless no difference of opinion can exist upon the question. A clear case must be made to authorize the courts to interfere on that ground. [City of] St. Louis v. Weber, 44 Mo. 547; Gratiot v. [Missouri Pac.] Ry. Co., 116 Mo. 450, 21 S.W. 1094, 16 L.R.A. 189." Kansas City v. Liebi, 298 Mo. 569, 252 S.W. 404, 28 A.L.R. 295.

While the amended ordinance in the instant case raising the tax from $10 to $65 constitutes a tremendous raise when considered in reference to taxes levied against other businesses of the city of similar nature, we are unable to interfere with the discretion of the lawmaking body on the ground that the tax is arbitrary, unreasonable, oppressive or prohibitive.

We find against plaintiff on this allegation of error.

Under plaintiff's last assignment of error it is contended that the amending ordinance levying a tax on "Gas Fitters" is ultra vires.

The law defining the powers of the city to tax is well settled. In State ex rel. Emerson v. City of Mound City, 335 Mo. 702, 73 S.W.2d 1017, 1025, 94 A.L.R. 923, the rule is stated:

" * * * Cities and like municipal corporations have no inherent power to levy and collect taxes, but derive their powers in that respect from the lawmaking power. In 6 McQuillin, Municipal Corporations (2d Ed.) § 2523, p. 275, the law is stated thus: 'The taxing power belongs alone to sovereignty. No such power inheres in municipal corporations. This principle is universally recognized. Therefore as municipal corporations have no inherent power of taxation, consequently they possess only such power in respect thereto which has been granted to them by the Constitution or the statutes. * * * It should never be left to implication unless it be a necessary implication. The grant relied upon must be evident and unmistakable, and all doubts will be resolved against its exercise, and in favor of the taxpayers.' * * * " (See cases cited); Snip v. City of Lamar, 239 Mo.App. 824, 201 S.W.2d 790; Moots v. City of Trenton, supra; Bowman v. City of East Prairie, Mo. App., 240 S.W.2d 203; Juengel v. City of Glendale, Mo.App., 164 S.W.2d 610; Coleman v. Kansas City, 353 Mo. 150, 182 S.W.2d 74; 38 Am.Jur. 72, Sec. 385.

 It is conceded that the legislative act, to-wit, Section 94.110 RSMo 1949, V.A. M.S., does not name "Gas Fitters" as one of the businesses or occupations of which cities are empowered to levy and collect a license tax. The statute, however, does give the city the right to license "Plumbers". It is contended by defendant that Gas Fitters come within the meaning of the term "Plumber". The action of the city council, however, to a degree, refutes this contention for if the word "Plumber" and "Gas Fitter" have the same meaning and constitute the same business why did the city amend the ordinance which licensed only "Plumbers" and add "Gas Fitters"? We have no doubt that plumbers may do the work of a gas fitter. We, likewise, have no doubt that gas fitters are not always plumbers. Funk & Wagnall's New College Standard Dictionary defines "Gas Fitters" as "One who fits and puts up gas fixtures." "Gas Fittings" is defined as "The appliances connected with the introduction and use of gas in a building." The same dictionary defines "Plumber" as "One who makes a business of plumbing", and defines "Plumbing" as "The art or trade of putting into buildings the tanks, pipes, etc., for water, gas and sewage."

32 Words and Phrases, p. 698, defines a "Plumber" thus: "A plumber is one who fits dwellings and public buildings with tanks, pipes, traps, fittings, and fixtures for the conveyance of gas, water, and sewage; but his work is so concerned with public health that a statute has a right to regulate it by requiring a license. * * *

"One engaged in 'plumbing business' * * * is one who executes plumbing contracts in whole or in part by labor of others, and as an incident thereto he may keep a stock of plumbing materials to be used by him in executing his plumbing contracts; 'plumber' meaning tradesman who furnishes, fits and repairs gas and water pipes, cisterns, tanks, baths, and other sanitary and fire protection apparatus for house or other building, 'tradesman' meaning one whose livelihood depends on manual labor, and word 'business' meaning any particular occupation or employment habitually engaged in for livelihood or gain. * * *

"Oil burner company's employee, engaged in connecting hot water heater with oil burner, held not 'plumber,' within village licensing ordinance. * * * A 'plumber' is one who fits dwellings and public buildings with tanks, pipes, traps, fittings, and fixtures for the conveyance of gas, water, and sewage; * * *."

In Webster's New International Dictionary, 2nd Ed., at page 1036, "Gas Fitter" is defined: "A workman who installs or repairs gas pipes."

At page 1894, the following definition of "Plumber" is:

Orig., a worker in lead; now, an artisan who works in lead, zinc, tin, sheet metal, etc; esp., a tradesman who furnishes, fits and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire-protection apparatus for a house or other building, including the "junctions to the mains and sewers. The trade of the gas fitter has in many parts become separated from that of the plumber."

Following the law declared by the Supreme Court in Moots v. City of Trenton, supra, stated, 214 S.W.2d on page 33 of the opinion, that the authority for the city to tax must be expressly granted or necessarily incident to the powers conferred and, in case of doubt, the power is denied, we find that the power to tax Gas Fitters is not necessarily incident to the powers conveyed to the city to tax Plumbers; that Juengel v. City of Glendale, supra, cited by defendant, is not in point. There, the court held that the power to license hotels conveyed the power also to license tourists camps. These businesses are essentially the same and have the same characteristics but that is not true as to Plumbers and Gas Fitters. It may be conceded that a plumber might do gas fittings but, certainly, a Gas Fitter would not necessarily be a Plumber. We hold that the amending ordinance is void as to the use of the words, "Gas Fitter".

Judgment reversed with directions that the added words "or gas fitters" contained in the amending ordinance of the City of Chaffee, numbered 720 to City ordinance numbered 625, be declared void and of no effect; that all other objections to said ordinances are denied; that defendant city, its officers, agents, servants and employees be and are hereby enjoined from enforcing said ordinance as to Gas Fitters or attempting to collect a tax on the occupation of Gas Fitters.

STONE and RUARK, JJ., concur.