## Peter Harrison v. The City of Elgin.

1. CITIES AND VILLAGES—*Wide Tire Ordinance Lawful.*—Under Sec. 63, Chap. 24, R. S., cities and villages have power to require persons hauling heavy loads to use wagons with wheel tires three inches wide.

2. SAME—*Validity of Ordinance a Question of Law.*—The validity of an ordinance is a question for the court and not for the jury.

**Memorandum.**—Suit for the violation of a city ordinance. Appeal from the City Court of Aurora; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

IRWIN & EGAN and R. N. BOTSFORD, attorneys for appellant.

CLARENCE A. LAWSON, city attorney, and EUGENE CLIFFORD, corporation counsel, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant was prosecuted and convicted for violating the following ordinance:

Harrison v. City of Elgin.

" Sec. 1.. No person shall, by himself, his servant or his agent, drive, propel or cause to be driven or propelled, upon or along any street in the city of Elgin, any loaded vehicle · which with its load weighs 3,500 pounds or upward, unless the felloes and tires upon the wheels of such vehicles shall be three inches or more in width.

Sec. 2. Any person who by himself, his agent or his servant, shall violate this ordinance, shall be fined not exceeding $100."

The evidence clearly shows a violation of the ordinance. The only question for our decision is the validity of the ordinance. It is contended by appellant that the ordinance is in restraint of a lawful business, that of hauling, and therefore void.

Section 63 of the act relating to cities and villages, gives the power to such municipal corporations to regulate the use of streets. The exercise of that power may in a measure restrain the business of hauling. Teamsters engaged in heavy hauling may suffer some inconvenience in being prevented from driving on certain streets, a regulation in force in all of the large cities. Before an ordinance which regulates the manner in which streets shall be used, shall be held void, it must appear that it is unreasonable and oppressive.

As we look at the ordinance before us, it is but a wise and lawful regulation. To require persons hauling greater loads than 3,500 pounds, to use wagons with wheel tires three inches wide, will restrain teamsters using wagons with wheel tires of a less width to loads of less weight than 3,500 pounds, but in our view, the city has the power to so restrain for the purpose of protecting its streets.

We see nothing unreasonable or oppressive in this ordinance. Its validity was a question for the court, and not the jury. Judgment affirmed.