## City of Macomb, Defendant in Error, v. Arthur Jones, Plaintiff in Error.

ORDINANCES—*validity of, providing for protection of pavements.* *Held,* that the ordinance set forth in this opinion providing for the use of "sound strong planks" was not so indefinite as to render it invalid, that such ordinance was within the specific power granted to municipalities to enact and that it did not allow an illegal latitude of penalization.

Action commenced before justice of the peace. Error to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

FLACK & LAWYER and THEODORE B. SWITZER, for plaintiff in error.

WALLACE A. WALKER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In a suit originally instituted before a justice of the peace by the city of Macomb against Arthur Jones to recover a fine for the violation by said defendant of an ordinance of said city, the defendant was fined $10 and adjudged to pay the costs of the suit. Upon the appeal of the defendant to the Circuit Court of McDonough county the case was tried by the court without a jury, and resulted in a like finding and judgment against the defendant, to reverse which judgment he prosecutes this writ of error.

Sections one and two of an ordinance of the city of Macomb entitled "An Ordinance for the Protection of Paved Streets," are as follows:

"Be it ordained by the City Council of the city of Macomb:

Section 1. That it shall be unlawful for any person or persons either by himself, agent, employee, or employees, to run across, along or upon any of the paved streets in the city of Macomb, any traction engine,

without using sound, strong planks, two of said planks to be kept continuously under the wheels of said engine while upon the pavement in such manner as to keep the wheels from touching said pavement.

"Section 2. For every violation of section one of this ordinance, such person or persons shall be fined not less than ten dollars nor more than one hundred dollars, and shall be liable for all damages resulting to said pavement by reason of the failure to comply with the requirements of said section one, together with the costs of prosecution."

It was stipulated upon the trial that if said ordinance was valid the plaintiff in error was guilty of a violation thereof, and that said suit was brought solely for the purpose of recovering a fine thereunder. By the propositions of law submitted by the defendant in error it was held by the court that section one of said ordinance was sufficiently definite and certain and was valid, and that said ordinance was a valid ordinance for the purpose of recovering a fine thereunder.

It is first urged that the words "sound, strong planks," employed in section one of the ordinance are so uncertain, indefinite and ambiguous with respect to the means required to be employed to keep the wheels of a traction engine from touching the pavement, as to render the ordinance void, and it is said this result could have been avoided by specifically defining the words, by specifying the character of the planks to be used, such as oak, maple or pine, and by fixing the minimum dimension of said planks. The words in question are in such common use and their meaning is so well understood by persons having even a most limited knowledge of the English language that so far as we are advised it has never been deemed nec-essary to call upon the courts to define them. Lexicographers uniformly define the words as they are manifestly here used, substantially as follows: Sound, as whole, unimpaired, free from imperfection, defect or decay; Strong, as firm, solid, compact, not easily

broken; Plank, as a broad piece of sawed timber thicker than a board. The unmistakable sense in which said words are used, coupled with the purpose sought to be attained or the injury sought to be avoided by the use of "sound, strong planks" renders it impossible to misunderstand the duty imposed by said ordinance upon persons operating traction engines on paved streets.

The only case cited and relied upon by plaintiff in error in support of his contention that section one of the ordinance in question is void for uncertainty is that of State v. Clarke, 69 Conn. 371, where it was held that an ordinance declaring it to be a nuisance to erect and maintain any awning except the same be upon a suitable frame and attached entirely to a building is void for uncertainty in supplying no test by which the average man may, with due care, know whether he is erecting or using his awning in such manner as not to commit a crime. We do not agree with counsel for plaintiff in error that the word "suitable" as used in the ordinance involved in the case cited is the precise equivalent of the words "sound" and "strong" in the connection in which they are used in the ordinance in the case at bar. In the case cited it is said: "The ordinance requires the awning to be 'upon a suitable frame' and the ordinance furnishes no criterion by which the question of suitability can possibly be determined. It does not define the word 'suitable' as here used, and the law does not define it; indeed, when it is thus used it is incapable of any general or legal definition: Batters v. Dunning, 49 Conn. 479; Smith's Appeal, 65 Conn. 135. Its use, of necessity, implies the judgment of some tribunal or person who is to determine the question of suitability, and yet neither the charter nor the ordinances of the city empower any person or tribunal to exercise such judgment. This term 'suitable,' as here used, seems altogether too vague and indefinite to serve as a basis of an ordinance so highly penal in its consequences as this

one." Conceding, which we are not disposed to do, the correctness of the conclusion arrived at in the Connecticut case, the case is, for the reasons heretofore stated by us, clearly distinguishable from the case at bar. We are of the opinion that section one of the ordinance here involved is not void for uncertainty.

It is next insisted that the ordinance must be held invalid because it does not come within the class of ordinances which a municipality is empowered to enact under its general police powers to preserve the health, morals or safety of the community, as such police powers are sometimes defined. Without determining whether the ordinance in question may be upheld as having been enacted by the municipality in pursuance to its general police powers as thus defined, it is sufficient to say that the enactment of such an ordinance may be justified as being among the express powers conferred by the legislature upon municipalities in this state. Paragraph 15 of section 1 of article 5 of the act entitled "Cities and Villages," (Hurd's Stat. 1909, 342) provides, that the city council in cities and president and board of trustees in villages shall have the power, "to prevent injury to any street, avenue, alley or public ground." Certainly under this provision of the general law defendant in error was fully authorized to enact the ordinance in question. The definition adopted by plaintiff in error of the general police powers inherent in a municipality is however too narrow. In City of Chicago v. Gunning System, 214 Ill. 628, it was held that anything which is hurtful to the public interest is subject to the police power and may be restrained or prohibited in the exercise of such power and that all rights whether tenable or untenable are held subject to such power.

It is next contended, as we understand the statement of plaintiff in error, that section two of the ordinance is invalid for the reason that the penalty imposed thereby is indivisible and might exceed the amount fixed by the statute as a limit beyond which the city

could not go. Counsel for plaintiff in error say: "It makes no difference that this fine is only ten dollars. The question is how much could a court of competent jurisdiction fine a defendant under that ordinance if it is a valid ordinance." If we understand this statement of counsel and the argument which follows it is predicated upon the theory that the aggregate amount recovered as a fine and for damages resulting to the pavement might exceed the jurisdiction of a justice of the peace. The theory advanced is not applicable to the facts in the case. The maximum amount of the fine fixed by the ordinance is $100. It was stipulated that the action was brought for a recovery of a fine only and the amount of fine imposed was $10. The amount involved was therefore within the jurisdiction of a justice of the peace. The amount recoverable as a fine and the amount recoverable as damages for injury to the pavement, are wholly separate and distinct matters, not necessarily, and, perhaps, not properly, recoverable in one action or in the same forum. But if the provision in section two which authorized a recovery of damages for injury to the pavement should be held invalid it would not invalidate the entire ordinance because such provision is wholly separate and distinct from the provision authorizing the recovery of a fine and the former provision may be eliminated and what remains contains all the essentials of a complete ordinance. Kettering v. City of Jacksonville, 50 Ill. 39; Harbaugh v. City of Monmouth, 74 Ill. 367; Poyer v. Village of Des Plaines, 123 Ill. 111.

The other questions raised by plaintiff in error are purely academic upon this record and do not merit discussion.

There is no error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*