## The City of Carmi, Appellee, v. August Miller, Appellant.

1. CITIES AND VILLAGES—*construction of ordinances.* Although the statute granting power to pass an ordinance must be strictly construed, the ordinance passed in pursuance thereof, if such power be found, should be liberally construed, so as to give it the effect intended, if possible.

2. CITIES AND VILLAGES—*protection of pavements.* An ordinance requiring that a person crossing a pavement with a traction engine must place two inch boards under the wheels thereof, which is silent as to the length and width of such boards, is not unreasonable or indefinite, as any one would conclude that it was his duty to keep two inches of board between the wheels of the engine and the pavement.

Appeal from the Circuit Court of White county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

NOAH C. BAINUM, for appellant.

PHIL E. WHITING, ROY E. PEARCE and KERN & PEARCE, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

In this case the appellee recovered a fine of fifty dollars against the appellant in the Circuit Court of White County for a violation of ordinance 202 passed by the appellee, entitled "An ordinance regulating the running of traction engines on and across brick and other improved streets, and providing for penalties for the violation of the same."

Section One provided, "That it shall be unlawful for any person or persons to run any traction engine on or across any brick or other improved street within the City of Carmi without placing two inch boards under the wheels of the same."

Section Two provides that, "Any person or per-

sons violating the provisions of this ordinance shall be fined not less than fifty dollars and not more than two hundred dollars for each offense."

The case was heard upon a stipulation of facts as follows, "It is hereby agreed and understood by and between the parties in the above entitled cause that on the 27th day of June, 1911, one August Miller violated ordinance 202 of the City of Carmi, Illinois, by driving a traction engine on a brick paved street, Church street, in Carmi, Illinois, contrary to said ordinance; that no damage was done to said street and that on the 29th day of June, 1911, complaint was made by one George Daniels before the police magistrate of Carmi, Illinois, that said August Miller had violated said ordinance 202 as above, and that thereupon a warrant was issued for the arrest of said August Miller, and that he was duly apprehended by virtue of said warrant and a trial had which resulted in said August Miller being discharged, whereupon an appeal was prayed by said City of Carmi to the October Term, 1911, of the White County Circuit Court of White County, Illinois.

It is further admitted that said ordinance No. 202 is in the words and figures as above set forth." And thereupon the Circuit Court entered a judgment against appellant for fifty dollars.

The errors assigned are, that the court erred in admitting ordinance No. 202, in assessing a fine against the defendant and in entering judgment against the defendant. These errors, however, are covered by the complaint made by appellant that the court erred in permitting the ordinance to be introduced in evidence "for the reason it is unreasonable, uncertain and indefinite in its meaning and leaves a discretion as to how its terms shall be met by persons upon whom it is to operate and the discretion as to how it shall be enforced against persons violating its terms, by the appellee and its officers."

We regard the authorities cited by counsel for ap-

pellant in his brief in support of the doctrine that the power to pass an ordinance and impose a penalty must be strictly construed where any doubt exists as to the legislature having granted this power to the city, as announcing a correct rule, but when it appears that the power is granted to the city and an ordinance is passed in pursuance of the power granted, and within the power, then as to the construction of such ordinance a different rule prevails and the ordinance should be liberally construed so that the effect intended by the city shall be given to the ordinance, if possible.

Dillon on Municipal Corporations, Vol. 1, Sec. 420, says: "In prosecutions or actions to enforce ordinances or in considering the question of their validity, courts will give them a reasonable construction and will incline to sustain rather than overthrow them, and especially is this so where the question depends upon their being reasonable or otherwise; thus, if by one construction an ordinance will be valid and by another void, the courts will, if possible, adopt the former." The legislature has granted to cities the right to improve its streets and alleys and to regulate the use of the same. Sec. 62 of Chapter 24, Hurd's Revised Statute. C. & V. R. R. v. People, 92 Ill. 170. The ordinance in question must be construed in the light of the principles above set forth.

It is contended by counsel for appellant that the ordinance is unreasonable, indefinite and uncertain in that it prohibits the passing of any traction engine on or across any brick or other improved street, "without placing two inch boards under the wheels of the same;" that because the requirement given for the placing of two inch boards under the wheels leaves it to the discretion of the owner of the traction engine what kind of boards he should use, and its uncertainty in other respects makes it indefinite and delegates a power to him to use the kind of boards he wishes so that they have the qualification of two inch. He insists that some might use boards three feet long and

ten inches wide, and others might use boards of different lengths and widths, and that a discretion vests in the owner of a machine as to the character of boards or planks that he may use. In the construction of this ordinance it should be kept in mind the object to be attained by the city council, which was to preserve the pavement and for the city council to have said that every man attempting to use a traction engine should place under the wheels a board ten feet long and a foot wide and two inches thick would be much more unreasonable than to permit the owner to use such boards as he may possess provided they were sufficient for the purpose intended, and preserved the pavement. We do not think that because the manner of preserving the pavement is not described by the ordinance in detail, that it is susceptible of being construed as a delegation of power, any more than to say that all buildings within the prescribed limits of a fire district shall be made or constructed of fire proof materials, without describing the particular kind of materials to be used, and an ordinance of this character was sustained in the case of King v. Davenport, 98 Ill. 305. It does not seem to us that any one desiring to use the pavement could be misled as to the meaning of this ordinance, which prescribed that they should place two inch boards under the wheels of the machine; board is defined by Webster as being "a piece of timber, sawed thin and of considerable length and breadth as compared with the thickness used for building, etc." The thing sought to be attained is to keep something between the wheels of the machine and the pavement to protect it from being crushed and we think the reasonable reading of this ordinance is, that it is merely required to keep two inches of boards between the wheel and the pavement, and whether they are one foot long or ten feet long could make no difference in fact if they only had the two inches of material under the wheels all the time. In the case of the City of Macomb v. Jones, 158 Ill. App. 271, the

ordinance provided that sound, strong planks should be placed under the wheels, and the court in passing upon the validity of that ordinance said, "The unmistakable sense in which said words are used, coupled with the purpose sought to be attained, or the injuries sought to be avoided by the use of sound, strong planks, renders it impossible to misunderstand the duty imposed by said ordinance upon persons operating traction engines on paved streets."

We are of the opinion that the ordinance introduced in evidence is not unreasonable or indefinite. The requirement of a protection to the pavement is a reasonable one and we think that any person upon the reading of this ordinance would unmistakably conclude that it was their duty to keep two inches of board between the wheels of the engine and the pavement and that it would require a very strict construction of this ordinance to say it was not sufficiently definite. The judgment of the Circuit Court is affirmed.

*Affirmed.*