(No. 14390.—Judgment affirmed.)

THE CITY OF CHICAGO, Appellant, *vs.* THE HEBARD EXPRESS AND VAN COMPANY, Appellee.

*Opinion filed February 22, 1922.*

1. MUNICIPAL CORPORATIONS—*an ordinance in exercise of police power may be valid although it applies to interstate carrier.* An ordinance adopted in the exercise of the police power, for the protection of the community, may extend, incidentally, to the operation of a carrier in its interstate business, provided it does not subject that business to unreasonable demands and is not opposed to Federal legislation.

2. SAME—*when reasonableness of ordinance is a question of law for the court.* Where power is given by the legislature to a municipal corporation to legislate on a particular subject but the particular manner of its exercise is not prescribed, the question whether an ordinance is a reasonable exercise of the power is a question of law for the determination of the court.

3. SAME—*presumption is in favor of validity of an ordinance passed in exercise of power.* The presumption is in favor of the validity of an ordinance passed in pursuance of statutory authority, and the burden is on the party questioning it to show clearly that it is unreasonable.

4. SAME—*when an ordinance purporting to regulate business of moving is unreasonable.* An ordinance of the city of Chicago purporting to regulate the business of moving, by requiring carriers who move household goods to keep a record of the character of the goods, the places of residence from which and to which the

goods are moved, and the names of the parties, and providing that such information shall be filed with the proper city authorities and shall be accessible to any person upon the payment of a small fee, is an unreasonable regulation of the business of moving or hauling for hire and is void.

APPEAL from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and LOUIS P. PIQUETT, (DANIEL WEBSTER, and RUPERT F. BIPPUS, of counsel,) for appellant.

BRADY, RUTLEDGE & DEVANEY, (ANDREW RUTLEDGE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Chicago sued the Hebard Express and Van Company in the municipal court for a violation of an ordinance of the city by moving for hire certain household furniture and personal property from No. 855 Ainslee street, in the city of Chicago, without thereafter filing in the office of the bureau of statistics and municipal reference library of the city of Chicago the statement required by section 1 of the ordinance. The court on a trial without a jury rendered judgment for the defendant and the city appealed to this court, the judge having certified that the validity of an ordinance was involved and the public interest required that the appeal should be taken directly to this court.

The first three sections of the ordinance are as follows:

"Sec. 1. Every person, firm or corporation owning or operating any moving van, furniture car, transfer wagon, express wagon, delivery wagon, or any other vehicle engaged in moving or hauling for hire in the city of Chicago, shall keep a record of the place from which and the place to which he or it moves the household goods or personal property, or any of them, of any person who is, or persons

who are, removing or vacating any dwelling, house, flat, apartment, room, rooms or place of residence or abode or place of business in the city of Chicago, which record shall show the name and address of the mover, the name of the person for whom the moving was done, the name of the person who was the owner or ostensible owner of the said household goods or personal property moved, the address from which in the city of Chicago and to which in the city of Chicago, or outside of the city of Chicago, as the case may be, such moving was done, and the name and address of the common carrier to whom such household goods or personal property were delivered, with the date of such removal or delivery, and the character of the articles moved.

"Sec. 2. Every person, firm or corporation owning or operating any of the vehicles aforesaid, and any person, firm or corporation not engaged in moving or hauling for hire in the city of Chicago but in control or possession of any of the vehicles aforementioned, who shall, for a valuable consideration or otherwise, move the household goods or personal property, or any of them, of any person who is, or persons who are, removing or vacating any dwelling, house, flat, apartment, room or place of residence or abode or place of business in the city of Chicago, shall, not later than Monday following the date of such moving, file in the office of the bureau of statistics and municipal reference library of the city of Chicago, or send by registered mail to such bureau, a full and correct statement of all such hauling or moving done, containing the information as required in section 1 hereof. Upon receipt of such statements the head of such bureau of statistics and municipal reference library shall keep a register of all such transactions in a book or books, or other suitable form of maintaining records, to be used for that purpose, with an alphabetical index of the names of the persons for whom such hauling has been done. Said register shall not be open to the inspection of the public, but the head of such bureau shall fur-

nish to any person inquiring therefor, information as to any particular change or removal, for which a charge of fifty cents shall be made for information concerning each change or removal: *Provided,* that no fee shall be charged for any such information furnished to the department of police.

"Sec. 3. Upon request of the person, firm or corporation owning or in charge or in control of the vehicle in which said household goods or personal property, or any of them, are to be removed, the person for whom such moving is being done shall give to said owner or person in charge or in control of any vehicle, all information necessary to enable him to make and keep such record or statement. It shall be unlawful for any person to give to said owner or person in charge or in control of any vehicle hauling or moving said household goods or personal property, or any of them, a fictitious name or to deceive him, or to make knowingly any false statement concerning any of said information requested by said owner or person in charge or in control of said vehicle, the obtaining of which is necessary to enable him to make and keep said record or statement."

The sixth section provides for a fine not exceeding $200 for any violation of the ordinance.

It was stipulated on the trial that the appellee is engaged in the city of Chicago in the business of moving and hauling for hire; that it moved the property of Hobart Merrifield from No. 855 Ainslee street, in the city of Chicago, to some other point in the city and did not file the statement required by the ordinance. The appellee proved that in its business it had in the course of a year approximately five thousand moving jobs, and moved anywhere within a radius of three or four hundred miles, where the roads permitted; that eighty to ninety per cent of the moving is done within the city of Chicago, about nine per cent from Chicago to places outside the city in the State of Illinois, and about one per cent to places outside the State.

The appellee contends that the ordinance is invalid because the legislature did not confer power upon the city to adopt it, because it is unjust, unreasonable and oppressive, and because it is in conflict with the State and Federal constitutions.

No provision of the State constitution is referred to in the brief or argument of the appellee, and no provision of the Federal constitution except that which declares that Congress shall have power to regulate commerce among the several States. The ordinance does not violate this provision. An ordinance adopted in the exercise of the police power, for the protection of the community, may extend, incidentally, to the operation of a carrier in its interstate business, provided it does not subject that business to unreasonable demands and is not opposed to Federal legislation. *Barrett* v. *City of New York,* 232 U. S. 14; *Smith* v. *Alabama,* 124 id. 465; *Hennington* v. *Georgia,* 163 id. 299; *New York, New Haven and Hartford Railroad Co.* v. *New York,* 165 id. 628.

The appellant contends that authority to the city to pass the ordinance is found in clauses 42 and 66 of section 1 of article 5 of the Cities and Villages act, which are as follows:

"*Forty-second*—To license, tax and regulate hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, and all others pursuing like occupations, and to prescribe their compensation.

"*Sixty-sixth*—To regulate the police of the city or village, and pass and enforce all necessary police ordinances."

Under these clauses the city has the right to regulate persons engaged in the business mentioned in the ordinance,—that is, moving or hauling for hire. The reasonableness of an ordinance passed by a municipal corporation in the exercise of a power given by the legislature expressly to pass the particular ordinance is not a subject for judicial inquiry, but when the power to legislate on a particu-

lar subject is conferred and the particular manner of its exercise is not prescribed, then the question whether an ordinance passed pursuant to the power is a reasonable exercise of it by the municipal corporation is a question of law for the determination of the court. While in the latter case an ordinance which is clearly unreasonable, unjust and oppressive will be held void, the presumption is in favor of the validity of an ordinance passed in pursuance of statutory authority and the burden is on the person questioning it to show clearly that it is unreasonable. *City of Lake View* v. *Tate,* 130 Ill. 247; *Hawes* v. *City of Chicago,* 158 id. 653; *Chicago and Alton Railroad Co.* v. *City of Carlinville,* 200 id. 314; *People* v. *Village of Oak Park,* 266 id. 365.

The ordinance is clearly not a reasonable ordinance regulating the business. The information required to be furnished has no relation to any purpose of regulating the business of moving. The language of clause 42 indicates the purpose of the legislature in giving the power of regulation to a city council to be the fixing of compensation and to regulate the business so as to prevent extortion, imposition and wrong to persons compelled to employ carriers of the classes mentioned in the statute in having their property or persons carried from one part of the city to another. The information here required would be of no assistance to the city in accomplishing this purpose, and therefore the ordinance requiring it is unreasonable if the ordinance is to be referred only to the exercise of the power conferred by clause 42. It is contended, however, that the power may be referred to clause 66 and the ordinance held valid as an exercise of the police power, and it is claimed that the information obtained is made use of by the police for the purpose of looking up persons wanted for crime or under suspicion or missing and is of material assistance in the suppression of crime. It is also claimed that the information is important to the department of health in tracing

and locating cases of contagious disease in the city. The ordinance is not limited to these purposes, even if possibly it may be incidentally of some value for such purposes, but provides for the sale of the information to any person inquiring as to any particular change or removal. This provision, of course, has no reference to the suppression of crime or the discovery of contagious disease, but authorizes giving the information for any purpose, public or private, to any person who may be willing to pay for it from any motive, friendly or unfriendly, malicious or merely curious. The ordinance requires the carrier to state the character of the articles removed, and section 3 requires the person for whom the moving is done to give the carrier all the information necessary to enable him to make the report and imposes a penalty for refusal to do so upon request. The ordinance applies to every person who removes from any house, flat, apartment or room in the city of Chicago to any other place in the city and has his personal property removed. His personal property may be contained in one or more trunks or boxes, but upon the request of the person moving the property the owner is required by this ordinance to furnish for the use of the police department of the city of Chicago, or any other person who may see fit to inquire and is willing to pay a small fee for the information, a statement of the character of the property which he is having moved. The effect would be that every person changing his place of abode in the city of Chicago would be obliged to report for the benefit not only of the police but of every inquirer, the place from which he moved and the place to which he moved and the character of the property which he took with him. There are some businesses in which police regulation is peculiarly needed, such as those of pawnbrokers and the keepers of junk-shops, because thieves frequently attempt to dispose of stolen goods at the places where such businesses are carried on and the keepers not infrequently become fences for such goods, and therefore

provisions for the strict regulation and supervision by the police of those engaged in those businesses and of their dealings have been sustained, but the same reason does not apply to the business of moving or to people generally who have their personal property moved.

The appellant cites *Lawson* v. *Recorder's Court of Detroit*, 175 Mich. 375, in support of the validity of the ordinance. The ordinance in that case was limited to public moving-van drivers, and required a report to the police commissioner, only, of the place from and to which household furniture was moved and the name of the person for whom moved. It required no information from the owner of the property or the person for whom it was moved and imposed no penalty or requirement of any kind on them. Even if we were disposed to agree with that case, it affords no support for the broad and sweeping terms of the ordinance here in question. An ordinance more nearly resembling that in question here was sustained by the Supreme Court of Missouri in *Wagner* v. *City of St. Louis*, 224 S. W. 413, but we do not agree with that case. It would not be a reasonable exercise of the police power for the city to require any person occupying temporarily or for an indefinite time a home or room in the city to procure a permit from the chief of police before he could remove to another house or room and have his baggage or property moved. Neither is it reasonable to require him to report such removal to the police department.

Without regard to any constitutional question, the ordinance is an unreasonable, inquisitorial interference with the liberty of individuals to move from place to place and have their property moved without interference, and is void.

The judgment will be affirmed.      *Judgment affirmed.*