City of Mascoutah, Appellant, v. George Donner, Appellee.*

1. APPEAL AND ERROR—*necessity of filing brief.* Under rules of the Appellate Court a cause may be reversed pro forma for failure of the appellee to file a brief.

2. HIGHWAYS AND STREETS—*extent of legislative control.* Subject to constitutional limitations the control of the legislature over public highways is absolute and it may give jurisdiction over them to such authorities as it sees fit.

3. MUNICIPAL CORPORATIONS—*validity of ordinance to protect street surface.* Under Cahill's St. ch. 24, ¶ 65, a city has authority to protect the surface of its streets from damage by passing an ordinance forbidding the use thereof by vehicles with certain described objectionable tires, providing said ordinance is not unreasonable or oppressive.

* Received from clerk of Appellate Court, August 8, 1927.

4. MUNICIPAL CORPORATIONS—*burden of proving ordinance unreasonable.* One who attacks the validity of an ordinance has the burden of overcoming presumptions in favor of its validity by clear proof of its unreasonableness.

5. MUNICIPAL CORPORATIONS—*presumptions in favor of ordinance for street use.* Without record showing to the contrary, it will be presumed that the city council in passing an ordinance limiting the use of its streets to vehicles without certain objectionable tires determined that such tires would damage the street surface in going over it.

6. MUNICIPAL CORPORATIONS—*validity of ordinance limiting tires used on streets.* A regularly passed ordinance of a city council forbidding the use of its streets to tractors, motor trucks and similar vehicles if they have projections radially beyond the traffic surface of the tires, and providing fine for infringement, is a valid exercise of the city's power over its streets.

Appeal by plaintiff from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

LILL & LILL, for appellant.

A. B. DAVIS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee was arrested and tried before a justice of the peace of St. Clair county on a complaint charging him with the violation of the following ordinance of the City of Mascoutah: "Section 1. That on and hereafter no metal tired vehicle, including tractors, motor trucks, traction engines and other similar vehicles, shall operate upon any paved or oiled street in the City of Mascoutah, Illinois, if such vehicle has on the periphery of any of the road wheels any block, stud, flange, cleat, ridge, bolt, lug or any projection of metal or wood which projects radially beyond the tread or traffic surface of the tire, except that this prohibition shall not apply to tractors or traction engines equipped with what is known as caterpillar tractors,

when such caterpillar does not contain any projection of any kind to injure the surface of the road." Section 2 of said ordinance provides for a fine of not less than $10 nor more than $50 upon conviction of a violation thereof. Appellee was found guilty by said justice, and an appeal was taken by him to the circuit court of said county.

The cause was tried in the circuit court on a stipulation of facts, in and by which it was stipulated that said ordinance was duly passed and published in conformity with the law; that appellee was the owner of a certain tractor "having on its periphery of its road wheels cleats of metal, projecting radially beyond the tread or traffic surface of the tire"; that on July 31, 1922, appellee drove said tractor over one of the oiled streets of said city, the same having been oiled about six weeks prior thereto; that appellee lives in said city and owns a farm some distance from its corporate limits, and that there "was no way by which the said George Bonner (appellee) could drive his said tractor from his home in the city to his said farm without driving same over said oiled streets in said city." It was further stipulated "that the principal question involved in this case is whether or not the said ordinance of said city is a valid ordinance, and whether or not said city had a legal right, under the statutes and laws of the State of Illinois, to enact said ordinance."

Appellee filed no brief in this court, and under our rules we would be warranted in reversing the case pro forma, but in view of the fact that it is of importance to appellant and its citizens that the validity of said ordinance be determined, we have deemed it best to consider the case on its merits.

Subdivision 7 of section 1, art. V, ch. 24, ¶ 65, Cahill's Revised Statutes, provides that city councils in cities and the president and board of trustees in villages shall have the power: "To lay out, to establish,

open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same.'' Subdivision 15 of said section provides that said cities and villages shall have the power ''to regulate and prevent the throwing or depositing of ashes, offal, dirt, garbage, or any offensive matter in, and to prevent injury to, any street, avenue, alley or public ground.'' Subject to constitutional limitation, the control of the legislature over the public highways is absolute, and it may give jurisdiction over them to such authorities as it sees fit. *Illinois Malleable Iron Co. v. Lincoln Park Com'rs*, 263 Ill. 446–450, citing *McCormick v. South Park Com'rs*, 150 Ill. 516; *Cicero Lumber Co. v. Town of Cicero*, 176 Ill. 9; *Mitchell v. Lowden*, 288 Ill. 327–340.

It would follow, therefore, from a consideration of the cases cited, that the ordinance in question would be valid, unless its provisions are unreasonable or oppressive. *City of Chicago v. Shaw Livery Co.*, 258 Ill. 409; *City of Chicago v. Mayer*, 290 Ill. 142. The presumption of law is in favor of the validity of an ordinance passed in pursuance of statutory authority, and the burden is on the one questioning it to show clearly that it is unreasonable. *City of Chicago v. Shaw Livery Co., supra; City of Chicago v. Mayer, supra; City of Chicago v. Hebard Express & Van Co.*, 301 Ill. 570.

In applying this principal of law it was held by the Appellate Court of the Second District, in *Harrison v. City of Elgin*, 53 Ill. App. 452 that an ordinance providing that ''no person shall, by himself, his servant or his agent, drive, propel or cause to be driven or propelled, upon or along any street in the city of Elgin, any loaded vehicle which with its load weighs 3,500 pounds or upward, unless the felloes and tires upon the wheels of such vehicle shall be three inches or more in width'' was valid. The court, in discussing

the question at page 453, says: "Section 63 of the act relating to cities and villages, gives the power to such municipal corporations to regulate the use of streets. The exercise of that power may in a measure restrain the business of hauling. Teamsters engaged in heavy hauling may suffer some inconvenience in being prevented from driving on certain streets, a regulation in force in all of the large cities. Before an ordinance which regulates the manner in which streets shall be used, shall be held void, it must appear that it is unreasonable and oppressive.

"As we look at the ordinance, it is held but a wise and lawful regulation. To require persons hauling greater loads than 3,500 pounds, to use wagons with wheel tires three inches wide, will restrain teamsters using wagons with wheel tires of a less width to loads of less weight than 3,500 pounds, but in our view, the city has the power to so restrain for the purpose of protecting its streets." This case is cited in 28 Cyc. page 911.

This court, in the case of *City of Carmi v. Miller*, 173 Ill. App. 283, held an ordinance valid which provided "that it shall be unlawful for any person or persons to run any traction engine on or across any brick or other improved street within the city of Carmi without placing two inch boards under the wheels of the same."

And in the case of *City of Macomb v. Jones*, 158 Ill. App. 271, the Appellate Court of the Third District held valid an ordinance making it unlawful "for any person or persons either by himself, agent, employee, or employees, to run across, along or upon any of the paved streets in the city of Macomb, any traction engine, without using sound, strong planks, two of said planks to be kept continuously under the wheels of said engine while upon the pavement in such manner as to keep the wheels from touching said pavement." The court, in discussing the ordinance at page 274,

says: "It is next insisted that the ordinance must be held invalid because it does not come within the class of ordinances which a municipality is empowered to enact under its general police powers to preserve the health, morals or safety of the community, as such police powers are sometimes defined. Without determining whether the ordinance in question may be upheld as having been enacted by the municipality in pursuance to its general police powers as thus defined, it is sufficient to say that the enactment of such an ordinance may be justified as being among the express powers conferred by the legislature upon municipalities in this state."

There is nothing in the stipulation showing the ordinance to be unreasonable or oppressive. So far as the facts stipulated are concerned, there was no occasion for the citizens of Mascoutah keeping engines of this character in said city, or of operating them over or along its streets. There being nothing in the record to the contrary, it will be presumed that the city council, in passing said ordinance, determined that engines having wheels of the character specified would damage the streets if operated over or along the same.

We therefore hold that the ordinance is valid, and that the court erred in finding defendant not guilty, on the facts as stipulated.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*